PEOPLE, PLAINTIFF AND APPELLEE, *v.* IRIZARRY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 2235.—Decided April 10, 1924.

EVIDENCE—EXPERT TESTIMONY—QUALIFICATION OF EXPERT—DISCRETION OF COURT.
—Expert testimony should not be stricken out because the witness had not been qualified before testifying. If the defendant did not raise the question of qualification before the expert testified, it is presumed that he waived that right. Furthermore, the trial court has discretion to permit the expert to qualify after he has testified.

ID.—ID.—The defendant having introduced expert testimony to show that the addition of formol by the health inspector for preserving the sample of milk caused its adulteration, the government had a right to rebut this evidence by other expert testimony.

ID.—The order of proof is always within the sound discretion of the trial court.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tòrmes & Colón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a trial for adulteration of milk an alleged expert from the chemical laboratory, as part of the government's case in chief, was allowed to state, without objection as to his failure to be qualified, that the milk in question was adulterated. Then the defendant asked that the testimony be stricken out because the witness had not been qualified. While the court has a discretion to strike, the *fiscal* very properly said that the time to object was when the witness began to testify, implying of course that defendant waived the right probably because defendant knew witness was qualified or could qualify. The defence made this remarkable statement: "Then the defence would not have availed me."

In other words, the idea of the defendant was that he could suffer testimony to be given and then hope that he could technically exclude it by moving its elimination. Not only was the *fiscal* right in saying that the objection was late, but the court has an ample discretion to reopen the case or to permit the witness to qualify *nunc pro tunc,* so to speak. In the present case the court agreed with the *fiscal,* but, to obviate any difficulty, permitted the examination to be made to test the expert capacity of the witness. The defendant objected that the *fiscal* had finished his direct examination and that the period of cross-examination had arrived. The court overruled the objection. The order of proof is always within the sound discretion of the trial court. These considerations dispose of the first assignment of error.

It would seem that the practice is for the inspectors to add some preservative or formol to the milk seized. Such a measure was taken in this case. The defence offered testimony to show that the added preservative caused the apparent adulteration. Thereupon the government offered an expert to testify as to the effect of this preservative or formol. The second assignment of error is as follows: "The court committed error in allowing witness Rafael Pérez

Porrata to testify and rebut in a general way the testimony of Angel M. Pesquera, an expert for the defence.'' The basis of this assignment, to judge from the citation appellant makes, is that the condition of the milk is a primary issue in the case and cannot be proved by the the mere opinion of experts. The defence, however, introduced expert testimony to show that the addition of formol did or could adulterate the milk. His expert could not possibly know that the addition of the preservative had actually adulterated the milk. It was essentially the mere opinion of defendant's expert that such addition could adulterate. To this scientific supposition the government had a complete right to counter, and did. Likewise, we have examined the evidence and while some of the questions put to the expert were not in best form, he gave clear testimony tending to show that the addition of formol did not cause the adulteration or the increased amount of water.

The third and fourth errors relate to the weighing of the proof by the court in this battle of experts. This was a matter of the weight of the evidence and we find no error in the finding of the court.

The judgment should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.